IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



UNITED STATES OF AMERICA
for the use and benefit of
CHAMPCO INC. t/a POWER ELECTRIC CO.,

    Plaintiff,

v.                                        CIVIL ACTION NO. 2:19-cv-268

ARCH INSURANCE COMPANY,

and

WATERMARK ENVIRONMENTAL, INC.,

    Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court are Champco Inc. t/a Power Electric Company's ("Power Electric") Motion for Partial Summary Judgment against Defendant Watermark Environmental, Inc. ("Watermark") and Watermark's Request for Relief Under Rule 56(d). ECF Nos. 30–31, ECF No. 32. After reviewing the relevant filings, the Court finds that a hearing on the Motion for Partial Summary Judgment is not necessary. Accordingly, Power Electric's request for a hearing is **DENIED**. For the following reasons, Power Electric's Motion for Partial Summary Judgment is **GRANTED**. Power Electric is entitled to a judgment in the amount of $370,731.38 plus prejudgment interest and costs.

### I. FACTUAL AND PROCEDURAL HISTORY

Watermark was the prime contractor for the construction of the P-183 Indoor Dynamic Range, Joint Expeditionary Base Little Creek-Fort Story, Virginia, in Virginia Beach, Virginia

1

("the Project"). In February 2017, Watermark entered into a subcontract with Power Electric to furnish and install the items necessary for specified electrical work on the Project ("electrical subcontract"). In October 2017, Power Electric and Watermark entered into a second subcontract for the installation of security systems on the Project ("security subcontract"). During the course of the two subcontracts, Watermark applied a back charge to Power Electric's account in the amount of $71,328.00 because of a delay that it says was caused by Power Electric between May 9, 2018 and June 27, 2018. Watermark maintains that the back charge was properly applied, while Power Electric denies responsibility for any such delay. However, allocation of liability for the delay and the corresponding back charge of $71,328.00 remains outside the scope of Power Electric's Motion for Partial Summary Judgment.

In total, Power Electric contends that Watermark has failed to pay $442,059.00 for the performance rendered on the two subcontracts and seeks payment pursuant to the Miller Act. *See* 40 U.S.C. §§ 3131–3134. In its Motion for Partial Summary Judgment, Power Electric seeks $370,731.38, theorizing that Watermark should pay the outstanding subcontract amounts less $71,328.00, with the factual issues surrounding the back charge to be resolved via a subsequent motion for summary judgment or at trial. *See* ECF Nos. 31, 35. Watermark contends that the delays caused by Power Electric could cost much more than $71,328.00, but discovery of the exact amount is impossible without obtaining the Contractor Performance Assessment Reporting System ("CPARS") rating for its performance as the prime contractor on the Project. *See* ECF No. 32. Specifically, Watermark makes the following arguments: (1) a negative CPARS rating given to Watermark would result in a loss of business due to a delay caused by Power Electric; and (2) currently, Watermark has no way of obtaining its CPARS rating to quantify its damages caused by the delay. *Id.*

On May 20, 2019, Power Electric filed its Complaint, which resulted in an answer and counterclaim from Watermark on June 18, 2019. *See* ECF No. 1; ECF No. 9. On February 20, 2020, Power Electric filed its Motion for Partial Summary Judgment. ECF No. 30–31. On March 13, 2020, Watermark obtained leave of court to file its response to Power Electric's Motion for Partial Summary Judgment. ECF Nos. 32–34. Power Electric replied to Watermark's response on March 18, 2020. ECF No. 35. Accordingly, the Motion for Partial Summary Judgment is ripe for disposition.

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a); *see also McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.") (citations omitted). In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586–87 (internal quotations omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Rule 56 also provides that if a nonmovant for summary judgment shows that it cannot present essential facts to justify its opposition, the court may do any of the following: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. FED R. CIV. P. 56(d); *see e.g. Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, 977 F. Supp. 2d 567, 587 (E.D. Va. 2013) (allowing a nonmovant the opportunity to depose two additional witnesses after a motion for summary judgment, pursuant to Rule 56(d)). Rule 56(d) mandates that summary judgment be denied when the nonmovant "has not had the opportunity to discover information that is essential to [the] opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) *quoting Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006). However, a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment. *Id.* at 195.

### III. DISCUSSION

Based on the parties' filings, the Court must decide whether the potential for a negative CPARS rating—which Watermark contends may result in lost business with the federal government in the future—creates an issue of material fact regarding the entire balance of the funds being withheld from Power Electric for its performance under the subcontracts. The subcontracts at issue are governed by Massachusetts law. *See* ECF No. 31-2 at ¶ k ("this Order shall be and is deemed as made under the laws of the Commonwealth of Massachusetts"). Under Massachusetts law, a proponent of lost profits must produce evidence proving its damages to a reasonable certainty. *Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc.*, 864 N.E.2d 518, 541 (Mass. Ct. App. 2007). While calculation of lost profits does not require mathematical precision, it may not be remote, speculative, or hypothetical. *Id. citing Cambridge*

*Plating Co. v. Napco, Inc.*, 85 F.3d 752, 771 (1st Cir. 1996); *Augat, Inc. v. Aegis, Inc.*, 565 N.E.2d 415 (Mass. 1991); *Augat, Inc. v. Aegis, Inc.*, 631 N.E.2d 995 (Mass. 1994) *quoting Lowrie v. Castle*, 113 N.E. 206 (Mass. 1916).

In this case, Watermark's claim for damages is wholly speculative. Watermark has not produced any evidence that its stated condition precedent—a negative CPARS rating—will actually occur *and* will have a negative impact on its future federal contracting endeavors. Specifically, Watermark has not identified any facts that indicate that it will be subject to a negative CPARS rating or any indication of the Navy's dissatisfaction with its work as the prime contractor on the Project. *See* ECF No. 31-5 at 3–4 (documenting Watermark's admissions that no future applications have been denied, no consequences from a negative CPARS rating have occurred, and no liquidated damages have been assessed by the Navy). Further, a CPARS rating is only one aspect taken into consideration when federal contracts are awarded. *See* 48 C.F.R. § 15.305 (listing the four additional criteria for evaluating a contracting offer). In sum, there is no evidence of the following: (1) a negative CPARS rating issued to Watermark; (2) Watermark's hypothetical negative rating will be the result of the delay Watermark alleges was caused by Power Electric; or (3) Watermark's hypothetical negative CPARS rating will result in future lost profits.

Additionally, Rule 56(d) does not require the indefinite suspension of this case in order to (1) wait on the issuance of Watermark's CPARS rating; or (2) ascertain the effect of that CPARS rating on value of the subcontracts above the back charged amount of $71,328.00. Watermark relies on *Sanchez v. Lasership* to contend that it has not been afforded a sufficient opportunity to engage in the discovery necessary to produce an issue of material fact. 2012 WL 3730636 (E.D. Va. Aug. 27, 2012). However, a party opposing summary judgment using Rule 56(d) must still

"identify [] specific information that would create a genuine issue of material fact." *Hodgin v. UTC Fire & Sec. Americas Corp. Inc.*, 885 F.3d 243, 250 (4th Cir. 2018).

In contrast to any specific information, Watermark seeks a hypothetical CPARS rating on the Project without any support for the conclusion that the hypothetical CPARS rating will be negative. Further, Watermark has not presented any informational basis to conclude that its damages will exceed the back charged amount of $71,328.00 (aside from Watermark CEO John Haley's assertion that its damages "may likely" or could possibly be more than that amount). ECF No. 32-1 at ¶¶ 4, 8. Though the CPARS rating does not yet exist, Watermark must still bring forth some informational basis to support the conclusion that something about that rating would have an impact on the unpaid sum of $370,731.38 at issue. Instead, Watermark's request frustrates the Court's ability to resolve any portion of the amount owed for Power Electric's partial performance on the subcontracts. The Court finds that Watermark's Rule 56(d) request is unlikely to lead to a genuine issue of material fact because of its wholly speculative character, unsupported by any informational assertion about the outcome of Watermark's CPARS rating.

Based on the undisputed facts on the record, Watermark's potential entitlement against Power Electric is limited to the back charged amount of $71,328.00. Accordingly, Power Electric is entitled to the balance of the subcontracts unrelated to the back charge imposed by Watermark outside the scope of the Motion for Partial Summary Judgment. Therefore, Power Electric is entitled to a judgment in the amount of $370,731.38.

## IV. CONCLUSION

For the following reasons, Power Electric's Motion for Partial Summary Judgment is **GRANTED**. Power Electric is entitled to a judgment in the amount of $370,731.38 plus prejudgment interest and costs.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 1, 2020

/s/
Raymond A. Jackson
United States District Judge